FILED
United States Court of Appeals
Tenth Circuit

April 7, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ASHLEY LONZA WILLIAMS, III,

Defendant - Appellant.

No. 08-8079
(D. Wyoming)
(D.C. Nos. 1:05:CV-00081-WFD and
2:01-CR-00079-WFD-1)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **LUCERO**, **MURPHY,** and **McCONNELL**, Circuit Judges.

---

This matter is before the court on Ashley L. Williams's pro se request for a certificate of appealability ("COA"). Williams seeks a COA so he can appeal the district court's denial of his 28 U.S.C. § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). Because Williams has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

The factual and procedural history of this case is set out in this court's opinion on direct appeal affirming Williams's convictions. *United States v. Williams*, 94 F. App'x 693, 694 (10th Cir. 2004). Thus, the general background need not be repeated here, other than to note Williams was convicted, following a

jury trial, of conspiring to willfully and knowingly possess with intent to distribute in excess of 500 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). *Id.* In the instant § 2255 motion, Williams raised a multitude of claims, including several claims of ineffective assistance of trial counsel. In a thorough order, the district court reviewed Williams's claims on the merits and concluded the record conclusively demonstrated Williams was not entitled to relief. Accordingly, the district court denied Williams's request for an evidentiary hearing and denied Williams's § 2255 motion. *See* 28 U.S.C. § 2255(b) (providing that where the "files and records of the case conclusively show that the prisoner is entitled to no relief," the district court need not hold an evidentiary hearing).

In his application for a COA,[1] Williams asserts generally that he was entitled to an evidentiary hearing on his multifocal claim of ineffective assistance of appellate counsel. He also generally contends the district court committed error in denying his § 2255 motion without obligating the government to "present admissible evidence." Williams does not, however, explain what additional evidence or testimony is necessary to resolve his claims of ineffective assistance of trial counsel.

---

[1]Williams filed his application for a COA on December 9, 2008, but did not file an appellate brief. This court sent Williams a written deficiency notice regarding the missing appellate brief, but Williams did not file a timely response. Accordingly, on February 4, 2009, this court entered an order noting that Williams's application for a COA would also be treated as his appellate brief.

The granting of a COA is a jurisdictional prerequisite to Williams's appeal from the denial of his § 2255 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Williams must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted). In evaluating whether Williams has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Williams need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Williams's appellate filing, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Williams is not entitled to a COA. The district court's resolution of Williams's § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Furthermore, because Williams's motion could be properly and conclusively resolved on the basis of the record alone, the district court did not err in refusing to hold an evidentiary hearing.

28 U.S.C. § 2255(b). Accordingly, this court **DENIES** Williams's request for a

COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge